UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEROY WILLIAMS BEY,<br><br>Plaintiff,<br><br>v.<br><br>RISK MANAGEMENT DIVISION,<br><br>Defendant. | CASE NO. C11-5873-RBL-JRC<br><br>REPORT AND RECOMMENDATION TO DENY IN FORMA PAUPERIS STATUS<br><br>NOTED FOR: November 18, 2011 |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff asks to proceed in forma pauperis (ECF No. 1).

The Court has reviewed the complaint. Plaintiff does not allege that he is in danger of any physical injury. This is a case involving allegations that property was lost or stolen (ECF No. 1, proposed complaint). Plaintiff on three or more

occasions has had cases dismissed for failure to state a claim or as frivolous. The Court recommends denial of in forma pauperis status pursuant to 28 U.S.C. § 1915(g).

The Honorable Judge Theiler in <u>Leroy Williams Bey v. Child Protective Services</u>, 10-cv-1951JLR succinctly stated the reasons for denying IFP in a similar case:

> A prisoner may not proceed IFP in a civil action if he or she has, on three or more prior occasions, brought civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Over the past year and a half, the Court has dismissed for, *inter alia*, failure to state a claim upon which relief may be granted more than twenty *pro se* § 1983 complaints that plaintiff brought with IFP requests. *See, e.g., Williams v. Ellis*, C10-0028-RSM (Dkt. 11); *Williams v. Sugar*, C10-0027-JLR (Dkt. 12); *Williams v. Young*, C10-0026-JLR (Dkt. 10); *Williams v. Sakota*, C10-0023-JCC (Dkt. 12); *Williams v. Transfer Officers*, C10-0022-RAJ (Dkt. 6); *Williams v. Wallace*, C10-0021-RSL (Dkt. 6); *Williams v. Hoppers*, C10-0020-RSM (Dkt. 11). *See generally O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (holding that an IFP action is "brought" for purposes of imposing § 1915(g) strikes "when he submits a complaint and request to proceed in forma pauperis to the court"). Nothing in the current IFP application or proposed complaint suggests plaintiff is under imminent danger of serious physical injury.
> (Dkt. 1.)

(<u>Leroy Williams Bey v. Child Protective Services</u> 10-cv-1951JLR (ECF No.3))(Footnote omitted).

The Court recommends the application to proceed in forma pauperis be denied and plaintiff be given thirty days to pay the full filing fee. Failure to pay

1 | that fee should result in immediate dismissal of the action. Pursuant to 28 U.S.C. §
2 | 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from
3 | service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure
4 | to file objections will result in a waiver of those objections for purposes of de novo
5 | review by the district judge. <u>See</u> <u>28 U.S.C. § 636(b)(1)(C)</u>. Accommodating the
6 | time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter
7 | for consideration on November 18, 2011, as noted in the caption.

Dated this 28th day of October, 2011.

J. Richard Creatura
United States Magistrate Judge